ATTORNEY GENERAL LOVING HAS REQUESTED THAT I RESPOND TO YOUR REQUEST FOR AN OPINION FROM THIS OFFICE. YOU HAVE ASKED IN ESSENCE THE FOLLOWING QUESTION:
 ARE FUNDS TRANSFERRED TO THE ETHICS COMMISSION BY THE DAVID WALTERS CAMPAIGN PURSUANT TO A PLEA AGREEMENT ENTERED INTO ON OCTOBER 21, 1993, TO BE USED TO DEFRAY REGULAR RECURRING EXPENSES OF THE AGENCY OR ARE THESE FUNDS TO REMAIN SEGREGATED FOR EXTRAORDINARY PURPOSES?
THIS RESPONSE TO YOUR INQUIRY IS IN THE FORM OF AN INFORMAL RATHER THAN FORMAL OPINION, DUE TO THE FACT THAT THE ANSWER TO YOUR QUESTION MAY BE GLEANED FROM A CLEAR READING OF THE RELEVANT STATUTES AND FURTHER DUE TO THE FACT THAT OPINIONS OF THE ATTORNEY GENERAL ARE LIMITED TO QUESTIONS OF LAW 74 O.S. 18B(A) RATHER THAN FACTUAL QUESTIONS. IT IS THEREFORE NEITHER NECESSARY NOR APPROPRIATE THAT A FORMAL WRITTEN OPINION OF THE ATTORNEY GENERAL BE ISSUED IN RESPONSE TO YOUR QUESTION.
ON OCTOBER 21, 1993, GOVERNOR DAVID WALTERS, AS PART OF A PLEA AGREEMENT, PLEADED GUILTY TO A CRIMINAL CHARGE AND AGREED TO DISGORGE ALL OF HIS CAMPAIGN FUNDS AND DONATE SAME TO THE OKLAHOMA ETHICS COMMISSION ("COMMISSION"). THE LANGUAGE RELEVANT TO DISGORGEMENT OF CAMPAIGN FUNDS IS SET FORTH IN PARAGRAPH 10 OF THE PLEA AGREEMENT:
 "DAVID L. WALTERS SHALL, WITHIN THE NEXT SEVEN DAYS, CONTRIBUTE TO THE OKLAHOMA ETHICS COMMISSION THE REMAINING BALANCE OF HIS CAMPAIGN FUNDS, NOT LESS THAN $135,000. GIFTS TO THE COMMISSION MAY BE ACCEPTED PURSUANT TO THE PROVISIONS OF 60 O.S. 381 (1991) ET SEQ. SPECIFICALLY, 60 O.S. 383 (1991) PROVIDES AS FOLLOWS:
 "EXCEPT TO THE EXTENT THAT SUCH AUTHORITY IS OTHERWISE SPECIFICALLY VESTED IN SOME OTHER STATE OFFICER, BOARD, COMMISSION, OR AGENCY, THE GOVERNOR OF THE STATE OF OKLAHOMA IS HEREBY AUTHORIZED TO ACCEPT, UPON BEHALF OF THIS STATE, ANY GIFT, TESTAMENTARY OR OTHERWISE, OF ANY PROPERTY PRESENTED TO THIS STATE OR TO ANY STATE INSTITUTION, DEPARTMENT, OR AGENCY. EXCEPT AS OTHERWISE PROVIDED IN SECTIONS 60 O.S. 391 THROUGH 60 O.S. 396 OF THIS TITLE, AND EXCEPT FOR GIFTS OF CASH OR THE EQUIVALENT OF CASH, DELIVERY OF SUCH PROPERTY, POSSESSION THEREOF, AND ANY MUNIMENT OF TITLE THERETO SHALL BE MADE TO AND RECEIPTED FOR BY THE DIRECTOR OF PUBLIC AFFAIRS. GIFTS OF CASH OR THE EQUIVALENT OF CASH SHALL BE MADE TO AND RECEIPTED FOR BY THE DIRECTOR OF STATE FINANCE."
IN TURN, GIFTS MADE EXPRESSLY TO THE COMMISSION ARE ALLOTTED TO THE PARTICULAR AGENCY PURSUANT TO 60 O.S. 384 (1991) WHICH PROVIDES AS FOLLOWS:
 "ANY PROPERTY INVOLVED IN A GIFT, TESTAMENTARY OR OTHERWISE, GIVEN TO THE STATE OF OKLAHOMA OR SOME STATE OFFICER, BOARD, COMMISSION, OR AGENCY FOR THE USE OR BENEFIT OF A SPECIFIED STATE INSTITUTION, DEPARTMENT, OR AGENCY, WHETHER ONE OR MORE, WHEN ACCEPTED BY THE GOVERNOR AND DELIVERED TO THE OFFICE OF PUBLIC AFFAIRS OR THE OFFICE OF STATE FINANCE AS PROVIDED FOR IN SECTION 60 O.S. 383 OF THIS TITLE, SHALL BE ALLOTTED BY SAID OFFICE OF PUBLIC AFFAIRS OR OFFICE OF STATE FINANCE TO SUCH STATE INSTITUTION, DEPARTMENT, OR AGENCY, IN ACCORDANCE, AS NEARLY AS POSSIBLE, WITH THE TERMS OF THE GIFT."
IT IS MY UNDERSTANDING THAT THE FUNDS WERE IN FACT DEPOSITED IN AN AGENCY SPECIAL ACCOUNT FOR THE USE AND BENEFIT OF THE COMMISSION RATHER THAN THE GENERAL FUND. THE AGREEMENT STATES NO TERMS OF THE GIFT OR LIMITATION ON THE USE OF THE FUNDS BY THE COMMISSION NOR ARE THERE ANY LIMITATIONS IN THE GIFT ITSELF OTHER THAN THE AGENCY WHICH IS TO RECEIVE THE FUNDS. ONCE IT WAS DETERMINED THAT GOVERNOR WALTERS SHOULD SACRIFICE ALL HIS CAMPAIGN FUNDS THE COMMISSION WAS THE LOGICAL RECIPIENT OF THE FUNDS AND THE HOPE OF OUR OFFICE WAS THAT THE FUNDS WOULD STRENGTHEN ENFORCEMENT OF ETHICS LAWS IN OKLAHOMA, HOWEVER ANY INQUIRY INTO MOTIVATION IS ENTIRELY FACTUAL. IT IS CLEAR HOWEVER THAT THERE ARE NO EXPRESS LIMITATIONS ON THE USE OF THE FUNDS IN THE AGREEMENT OR GIFT AND THEREFORE MAY BE USED FOR ANY LAWFUL PURPOSE BY THE AGENCY SUBJECT, OF COURSE, TO THE VARIOUS BUDGETARY CAPS AND STATUTES GOVERNING THE OFFICE OF STATE FINANCE.
THE BRIEF ATTACHED TO YOUR LETTER EXPRESSES THE OPINION THAT THE LEGISLATURE MAY NOT REDUCE YOUR APPROPRIATION FOR A FUTURE FISCAL YEAR BY USING THESE DONATED FUNDS AS AN OFFSET FOR DAILY OPERATIONS OF YOUR AGENCY. THE LEGISLATURE HA THE BASIC CONSTITUTIONAL POWER TO SET THE APPROPRIATIONS FOR ANY STATE AGENCY AS SET OUT IN ARTICLE V, SECTION 55 OF THE OKLAHOMA CONSTITUTION. SEE STATE EX REL. PHILLIPS V. CARTER, 99 P.2D 1025 (OKL. 1940). RELATIVE TO YOUR AGENCY, THIS POWER IS LIMITED TO THE EXTENT THAT THE LEGISLATURE HAS AN AFFIRMATIVE CONSTITUTIONAL DUTY AND IS REQUIRED BY ARTICLE XXVIII, SECTION 2 OF THE OKLAHOMA CONSTITUTION TO APPROPRIATE FUNDS "SUFFICIENT TO ENABLE IT TO PERFORM ITS DUTIES AS SET FORTH IN THIS CONSTITUTIONAL AMENDMENT." HOWEVER, THIS CONSTITUTIONAL POWER AND LIMITATION THEREUPON DOES NOT IMPACT THE NATURE OF THE GIFT GIVEN TO THE COMMISSION. ALTHOUGH BUDGET CUTS FOR MOST STATE AGENCIES SEEM LIKELY IN THE NEXT FISCAL YEAR, WHETHER THE LEGISLATURE APPROPRIATES SUFFICIENT FUNDS TO ADEQUATELY FUND THE AGENCY IS A QUESTION OF FACT BEYOND THE PURVIEW OF A LEGAL OPINION.
(DOUGLAS B. ALLEN)